IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT GROCE, #363728, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0823 |
| ) | |
| TRANSPORT OFFICER ROGER D. SMITH, ) | Judge Trauger |
| C/O JAMES GARTON, and ) | |
| PAUL L. SCHOLTENS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Robert Groce, a prisoner in state custody, filed this *pro se* action under 42 U.S.C. § 1983 against Transport Officer Roger D. Smith, Corrections Officer James Garton, and Paul L. Scholtens for injuries he allegedly sustained while he was being transported from the Wilson County Jail to the Charles Bass Correctional Complex in Nashville. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

### I. STANDARD OF REVIEW

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis* or filed by a prisoner seeking redress against a government official, and dismiss the complaint or any portion thereof that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.  FACTUAL ALLEGATIONS

In his original complaint, the plaintiff alleged that he was transported on May 1, 2014 from the Wilson County Jail to the Charles Bass Correctional Complex in Nashville. Because of a previous accident, the plaintiff is confined to a wheelchair. However, he was not transported in a handicap-accessible van, and he was placed in the middle compartment of the van, "surrounded by a metal cage," without being buckled in. He does not allege that he requested to be seatbelted or suggest that the driver of the van drove recklessly or even carelessly. While on Interstate 40-West, heading toward Nashville, the transport van was rear-ended by a tractor-trailer driven by Paul Scholtens. The plaintiff was thrown forward in the cage. He was transported to the hospital by ambulance and treated for neck and head pain and released back into the custody of the Wilson County Sheriff's Office. He received treatment for neck and head pain for the next two weeks. *Groce v. Wilson County Jail*, No. 3:15-cv-0303 (M.D. Tenn. March 26, 2015) (Complaint, ECF No. 1, at 5). The plaintiff reasserts the same allegations in his present complaint though with less detail. (ECF No. 1, at 4.)

## III.  DISCUSSION

The plaintiff here seeks to state a claim under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

For purposes of a § 1983 claim, the individual correctional officers tasked with transporting the

plaintiff are clearly persons who were acting under color of state law. The question is whether the plaintiff's complaint, accepted as true, alleges facts that show a deprivation of rights secured by the United States Constitution. In that regard, the Supreme Court has held that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). In the context of a claim based on the failure to prevent harm, prison officials can be held liable for an Eighth Amendment violation when an inmate shows: (1) "that he is incarcerated under conditions posing a substantial risk of serious harm," and (2) that the prison official had "the state of mind . . . of 'deliberate indifference' to inmate health or safety." *Id.* at 834. Deliberate indifference requires "more than mere negligence," but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Thus, "acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

As the court previously observed, transporting inmates without seatbelts alone does not amount to the deliberate indifference required to constitute cruel and unusual punishment. *See, e.g.*, *Smith v. Sec'y for the Dep't of Corrections*, 252 F. App'x 301, 304 (11th Cir. 2007) (failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 643 (10th Cir. 2004) (holding that "failure to seatbelt an inmate does not violate the Constitution"); S*pencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that presented a substantial risk of serious harm); *Walls v. Kaho*, No. 5:06cv188-MTP, 2009 WL 901917, at *2 (S.D. Miss. Mar. 31, 2009) ("Many courts . . . have held that there is no constitutional right of a prisoner to the use of a seatbelt while being transported, and that while failure to seatbelt a prisoner may give rise to a claim for negligence, it does not give rise to a cognizable constitutional claim."): *Ingram v. Herrington*, No. 4:06-CV-P65-M, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) (holding that "the weight of authority from other circuits requires a finding that no Eighth Amendment violation occurs simply by transporting a prisoner unseatbelted in a prison vehicle," even where the plaintiff alleges that the driver exceeded the speed limit); *Young v. Hightower*, No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) ("[N]o Eighth Amendment violation occurs simply by transporting a prisoner unseatbelted in a

prison vehicle."); *Mojet v. Transport Driver*, No. 06:cv321, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) ("Transporting inmates in vans without seat belts does not meet the deliberate indifference standard."); *Williams v. City of New York*, No. 03 Civ. 5342(RWS), 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelts on prison transport van does not constitute a constitutional violation).

The same rule has been applied even to situations involving handicapped prisoners. For example, in *Dade v. Kennard*, No. 2:06CV869–TC, 2008 WL 4879168 (D. Utah Nov. 3, 2008), the plaintiff, like the plaintiff here, was confined to a wheelchair. He alleged that he was regularly transported in a van that was not handicap-accessible and that the defendants routinely failed to properly fasten his seatbelt or to secure his wheelchair, so that it moved around during transport, causing injuries. The court held that the plaintiff's allegations were insufficient to establish deliberate indifference. *Id.* at *3.

Those few instances where the courts have found that a constitutional violation may have occurred involved both a refusal to seatbelt the inmate (or the complete lack of a seatbelt) *and* purposeful, reckless driving by the defendant. *See, e.g.*, *Brown v. Fortner*, 518 F.3d 552, 559–60 (8th Cir. 2008) (finding that "a reasonable jury could conclude that there was a substantial risk of harm to [the plaintiff] and that [the defendant] knew of and disregarded the substantial risk" where the plaintiff alleged that (1) his request to be seatbelted was denied; (2) the defendant was driving in excess of the speed limit; following too closely on the van in front of it; crossing over double-yellow lines; and passing other vehicles in no-passing zones; and (3) the inmates in the van asked him to slow down but he refused); *Brown v. Morgan*, No. 94-2023, 1994 WL 610993 (8th Cir. Nov. 7, 1994) (holding that the plaintiff stated a claim under § 1983 based on deliberate indifference and not mere negligence where he alleged that he was injured in an accident while being transported in a vehicle driven by a sheriff's deputy, and the defendant "refus[ed] to let him wear a seat belt, [drove] at a high rate of speed in bad weather, refus[ed] to slow down despite [the plaintiff's] pleas for him to do so, purposely speed[ed] up, and smil[ed] when he saw that [the plaintiff] was scared, asking, 'Are you scared?'"); *Barela v. Romero*, No. 06-41 JBDJS, 2007 WL 2219441, at *7 (D.N.M. May 10, 2007) (holding that allegations of lack of seatbelt for shackled prisoner coupled with allegations of purposeful, reckless driving by defendant were sufficient to plead an Eighth Amendment claim).

In this case, the plaintiff does not allege that he requested to be seatbelted or otherwise restrained, nor does he allege that the van driver behaved recklessly. Based on the plaintiff's bare allegations that he was not properly seatbelted or secured during transport and that he was injured when the van in which he was being transported was rear-ended by another vehicle, the court finds that the plaintiff fails to allege facts which, if true, would demonstrate deliberate indifference on the part of the either the van driver or the corrections officer involved in the transport. The plaintiff's claims against defendants Smith and Garton will therefore be dismissed for failure to state a claim for which relief may be granted.

Scholtens, the truck driver who rear-ended the transport van, is not a person acting under color of state law against whom a § 1983 claim will lie. Insofar as the complaint seeks to assert a § 1983 claim against Scholtens, the claim will be dismissed.

The court construes the complaint as asserting negligence claims under state law against all the defendants. Because the court is dismissing the claims upon which the court's original jurisdiction is premised, the court will decline to exercise supplemental jurisdiction over the state-law claims.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge